UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LEROY SHAW, :
:
    Plaintiff :
:
  v. : CIVIL NO. 4:CV-04-1217
:
ARTHUR R. THOMAS, ET AL., :
: (Judge McClure)
    Defendants :

**MEMORANDUM AND ORDER**

August 22, 2005

**Background**

Leroy Shaw ("Plaintiff"), an inmate presently confined at the Cambria County Prison, Ebensburg, Pennsylvania, filed this pro se civil rights action. Service of the complaint was previously ordered. Named as Defendants are the following officials of the Pennsylvania Board of Probation and Parole ("Parole Board"): ex-Chairman William F. Ward; Secretary Kathleen Zwierzyna; ex-Chief Counsel Robert Campolongo, Esq.; Assistant Counsels Tara L. Patterson, Esq. and Arthur Thomas, Esq.

1

While on parole, Shaw was issued a traffic citation on August 1, 2000 for driving with a suspended or revoked license.  On November 7, 2000, Plaintiff received two (2) additional traffic citations charging him with failure to stop at a stop sign and operating a motor vehicle without a license.  Approximately one month later, on December 8, 2000, Shaw was arrested on charges on drug related charges and driving with a suspended or revoked license.  The Parole Board issued a parole violator warrant that same day, which was lodged as a detainer.  Plaintiff posted bail with respect to his criminal charges on January 16, 2001, however, he remained incarcerated due to the pending Parole Board detainer.

Thereafter, on January 19, 2001, a district justice issued a detainer to prevent Plaintiff from being released before paying fines associated with his August 1, 2000 and November 7, 2000 traffic citations.  An October 29, 2001Parole Board decision ordered Shaw to be recommitted for a five (5) month term as a technical parole violator due to his admission to using drugs while on parole.

On November 1, 2001, Plaintiff entered a guilty plea to charges of driving with a suspended or revoked license and disorderly charges stemming from his December 8, 2000 arrest.  He was sentenced to a ninety (90) day term of probation.  One week later, Shaw was sentenced to time served with respect to the

August 1, 2000 and November 7, 2000 traffic citations.

By decision dated January 9, 2002, the Parole Board ordered Shaw to serve his unexpired term of eleven months and six days due to his failure to follow state law (presumably his latest conviction). The decision gave the Plaintiff credit for time served from December 8, 2000 to November 1, 2001. According to the complaint, on February 21, 2002, Defendants Ward and Zwierzyna modified that decision and gave Shaw credit for time served from December 8, 2000 to January 19, 2001 (the date the district justice issued a detainer). In addition, the amount of time to be served was extended to a twelve (12) month term. Plaintiff administratively appealed the decision on the grounds that the district justice could not legally detain him for more then nine (9) months on the traffic citation charges. According to the complaint, his appeal was denied by Defendant Thomas on March 27, 2002.

Thereafter, in response to a request from Shaw, the district justice sent Plaintiff a letter on April 2, 2002 advising the prisoner that he was amending his sentencing order to provide that Plaintiff's sentence on the traffic citations ran from January 19, 2001 to February 3, 2001. Shaw again sought administrative review from the Parole Board based on the district justice's revised sentencing order. However, by decision dated May 6, 2002, Thomas purportedly acting on

behalf of defendants Ward and Zwierzyna refused to take any corrective action on the basis that Plaintiff's request constituted an unauthorized subsequent administrative appeal.

Pennsylvania's Commonwealth Court subsequently overruled the Parole Board's decision on December 13, 2002.  See  Shaw v. Parole Board, 812 A.2d 769  (Pa. Cmwlth.  2002).  The Commonwealth Court concluded that the Parole Board erred by not entertaining Shaw's request for relief since it was based on changed circumstances.  The Court further directed the Parole Board to reconsider "Shaw's backtime credit based on the district justice's amended sentence" noting that Plaintiff was entitled to backtime credit for the period of February 3, 2001 to November 1, 2001.  Id. at 772.

In his present action, Plaintiff seeks compensatory and punitive damages against Defendants Thomas, Ward and Zwierzyna on the grounds that they subjected him to an excessive period of confinement by their failure to properly calculate his sentence credit time and by not entertaining his administrative appeal following the district justice's issuance of an amended sentencing order.  His complaint further asserts that Defendants Campolongo and Patterson likewise subjected him to excessive confinement based on their unsuccessful opposition to his Commonwealth Court action .  He also alleges that the Defendants acting

"merely out of spite" wrongfully incarcerated him from December 13, 2002 (the date of the Commonwealth Court's favorable decision) to December 31, 2002 (presumably the date of his release).  Record document no. 1, ¶ V.

Presently pending before this Court is Defendants' motion (Record document no. 9) seeking dismissal of the complaint.  The motion has been briefed and is ripe for consideration.  For the reasons outlined below, the motion will be granted in part.

**Discussion**

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the plaintiff's allegations.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>White v. Napoleon</u>, 897 F.2d 103, 106 (3d Cir. 1990).  In <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996), the Court of Appeals for the Third Circuit added that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

"The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to

relief." Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993) (citation omitted).  Additionally, a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990); Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1168 (3d Cir. 1997). Finally, it is additionally well-settled that pro se complaints should be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  This Court will now discuss Defendants' motion in light of the standards set forth above and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Defendants claim entitlement to an entry of dismissal on the basis that they are entitled to absolute immunity.  In the alternative, they raise the defense of qualified immunity.

**Absolute Immunity**

In rare cases, a public official is entitled to absolute immunity from § 1983 damages for official actions.  See Butz v. Economou, 438 U.S. 478 (1978).  The United States Court of Appeals for the Third Circuit in Wilson v. Rackmill, 878 F.2d 772, 775-76 (3d Cir.  1989) noted that the existence of absolute immunity must clearly appear on the face of the complaint when examining a Rule 12(b)(6) request for absolute immunity.  Furthermore,  the relevant inquiry is the nature and the function of the challenged act, not the act itself.  Kulwicki v. Dawson, 969 F.2d

1454, 1465 (3d Cir. 1992).

Wilson established that probation and parole officers are entitled to absolute immunity only when "they are engaged in adjudication duties." Wilson 878 F.2d at 775. If a parole or probation officer acts in an executive, administrative or investigative capacity he or she is only entitled to a qualified good faith immunity. In Breslin v. Brainard, 2002 WL 31513425 *7 (E.D. Pa. Nov. 1, 2002), the district court summarized that parole officials are only entitled to absolute immunity when engaged in: (1) hearing evidence; (2) making recommendations as to whether to parole a prisoner; or (3) making decisions whether to grant, revoke or deny parole. It has been similarly recognized that "making decisions to grant, revoke or deny parole are adjudicatory duties for which the actor is entitled to absolute immunity." Simon v. Ward, 2001 WL 41127 * 2 (E.D. Pa. Jan. 16, 2001). However, in Simon, the district court additionally concluded that the failure of the Parole Board to "ensure plaintiff's credit for time served" was "executive and administrative in nature, not judicial." Id. at *3. It added that absolute immunity does not attach to a Parole Board member's performance of an act required by statute such as "a failure to ensure that plaintiff received credit for time served while on parole." Id.

Plaintiff's claim of excessive confinement is threefold with respect to Defendants Ward, Zwieryna and Thomas. First, Shaw asserts that they

7

miscalculated the amount of credit for time served that he was entitled to. Second, Plaintiff alleges that those Defendants erred by denying his reconsideration petition as an unauthorized subsequent administrative appeal. Third, he contends that they violated his rights by delaying implementation of the Commonwealth Court decision.

It is apparent that under the standards announced in Wilson and Breslin, the decision to deny his reconsideration petition as an unauthorized subsequent administrative appeal was an adjudicatory duty to which absolute immunity attaches. However, an application of Simon and Breslin to the two remaining challenged actions of Defendants Ward, Thomas and Zwierzyna warrants a different conclusion. Implementation of a directive from the Commonwealth Court is a non-discretionary duty which does not fall within any of the recognized adjudicatory duties protected by absolute immunity. Likewise, the computation of the amount of Plaintiff's prior sentence credit as noted in Simon is not an action protected by absolute immunity. Since those challenged acts did not involve the hearing of evidence or a decision as to whether to grant, revoke or deny parole or even a decision as to whether to recommend a prisoner for parole, this Court agrees that they are non- adjudicatory duties. Consequently, those claims against Ward, Thomas and Zwierzyna will be allowed to proceed.

Defendants Campolongo and Patterson also claim entitlement to absolute

immunity on the grounds that they were performing "quasi-prosecutorial duties." Record document no. 10, p. 7.  They contend that since the claims against them are premised on the presentation of opposing arguments in opposition to Plaintiff's appeal before the Commonwealth Court, they are entitled to absolute immunity under Butz.

Plaintiff asserts two claims against Campolongo and Patterson.  His initial claim is solely premised on the above Defendants' opposition to his Commonwealth Court appeal.  However, Shaw also contends that Campolongo and Patterson delayed implementation of the Commonwealth Court's decision.

A state prosecuting attorney is absolutely immune from liability for damages under § 1983 for acts such as the initiation of the prosecution and presentation of the state's case which are intimately associated with the judicial phase of the criminal process.  Imbler v. Pachtman, 424 U.S. 409, 420 (1976); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 462 (3d Cir. 1996).  Only qualified immunity is available to prosecutors with regard to allegations based on their administrative and/or investigative duties.  See Hawk v. Brosha, 590 F. Supp. 337, 344 (E.D. Pa. 1984).

The United States Supreme Court has indicated that an agency attorney is entitled to absolute immunity for the presentation of evidence during an adjudication.  Butz v. Economou, 438 U.S. 478, (1978).  The Court in Butz added

9

that an agency official who makes a decision to move forward with an agency proceeding is likewise entitled to absolute immunity.  See id.  The Third Circuit in Ernst v. Child and Youth Services, 108 F. 3d 486, 494-95  (3d Cir.  1997) held that a child welfare worker was entitled to absolute immunity for quasi-prosecutorial functions performed in an administrative agency adjudication.  The Court opined that when a defendant performs functions on behalf of the state which are closely analogous to those performed by prosecutors in criminal proceedings, considerations of public policy support an entitlement of absolute immunity.

Campolongo and Patterson were clearly undertaking duties on behalf of the state with respect to their actions before the Commonwealth Court. Representation of the Parole Board in a proceeding before the Commonwealth Court is analogous to the duties of prosecutors in state criminal proceedings. This Court agrees that the actions taken by Attorneys Campolongo and Patterson in opposing Shaw's Commonwealth Court's case were quasi-prosecutorial as contemplated in Butz and Ernst and finds that those Defendants are entitled to absolute immunity with respect to said claim.

However, with respect to the claim that Attorneys Campolongo and Patterson intentionally delayed the Petitioner's release in retaliation for his successful state court appeal, such alleged conduct was clearly not within the quasi-prosecutorial duties of those Defendants and therefore is not protected under

10

the doctrine of absolute immunity.

**Qualified Immunity**

Qualified immunity is an affirmative defense which must be pleaded by the defendant official. Id.; Verney v. Pennsylvania Turnpike Comm'n, 881 F. Supp. 145, 149 (M.D. Pa. 1995). In Harlow v. Fitzgerald, 457 U.S. 800 (1982), the United States Supreme Court held "that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id. at 818; Sherwood v. Mulvihill, 113 F.3d 396, 398-99 (3d Cir. 1997); Showers v. Spangler, 957 F. Supp. 584, 589 (M.D. Pa. 1997). It has also been held that "qualified immunity is coextensive for suits brought against state officials under 42 U.S.C. § 1983 (1982), and for suits brought directly under the Constitution against federal officials." People of Three Mile Island v. Nuclear Regulatory Commissioners, 747 F.2d 139, 144 n.9 (3d Cir. 1984) (citing Butz v. Economou, 438 U.S. 478, 504 (1978)).

The United States Supreme Court in Saucier v. Katz, 533 U.S. 194 (2001), established a two part test for analyzing qualified immunity claims. See also Curley v. Klem, 298 F.3d 271 (3d Cir. 2002); Bennett v. Murphy, 274 F.3d 133 (3d Cir. 2002). The initial inquiry in a qualified immunity examination is whether "the facts

taken in the light most favorable to the plaintiff show a constitutional violation." Bennett, 274 F.3d at 136. The second prong requires a determination as to whether the constitutional right at issue was clearly established. If so, then a court must inquire as to "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 201. A determination that the conduct violated a clearly established constitutional right precludes the granting of qualified immunity.

With respect to Plaintiff's claim that his release was delayed as retribution for his successful Commonwealth Court appeal, the standard for retaliatory conduct is well established.[1] Clearly, the Defendants were well aware that a retaliatory delay of release to a state inmate because he exercised his constitutional right of access to the courts would be unconstitutional. Thus, a grant of qualified immunity with respect to this claim is not appropriate.

In Moore v. Tartler, 986 F. 2d 682, 686 (3d Cir. 1993), the Court of Appeals for the Third Circuit recognized that "[s]ubjecting a prisoner to detention beyond the termination of his sentence" could constitute cruel and unusual punishment under the Eighth Amendment. The Court added that in order to succeed on such a claim a plaintiff must demonstrate that: (1) a prison official was

---

[1] "Retaliation for the exercise of a constitutional right is itself a violation of rights secured by the Constitution." White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990); Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000).

aware of the risk that unwarranted punishment was being, or would be inflicted; (2) the prison official either failed to act, or took only ineffectual action under the circumstances indicating that his response was deliberate indifference; and (3) a causal connection between the prison official's response and the unjustified detention.  Thus, the Court clearly established that recovery on such a claim is only possible if it is shown that a defendant acted intentionally or with deliberate indifference.  More recently, it was recognized that deliberate indifference existed under Moore, "where a prison official refuses to address a question of incarceration without penological justification brought to his attention by an inmate."  Scott v. Quigley, 2005 WL 1377839 * 3  (M.D. Pa.  June 7, 2005).

In light of the holding in Moore, Plaintiff's allegation that Defendants Thomas, Ward and Zwierzyna failed to properly calculate his term of incarceration could rise to the level of a constitutional violation.[2]  However, based on the record to date this Court is unable to make a determination as to whether there was a violation of a clearly established constitutional right of which a reasonable person would have known.  Therefore, the request for qualified immunity with respect to this claim will be denied as premature.

In conclusion, based on an application of Bennett and Saucier to the

---

[2]   Of course, to succeed on such a claim Shaw will have the burden of establishing willful misconduct or deliberate indifference by those Defendants.

13

Plaintiff's remaining claims the Defendants' request for dismissal on the grounds that they are entitled to qualified immunity will be denied.  Consequently,

**IT IS HEREBY ORDERED THAT**:

    1.    Defendants' motion to dismiss (Record document no. 9) is granted in part.

    2.    Defendants Ward, Thomas and Zwierzyna are entitled to absolute immunity with respect to their decision to deny Plaintiff's reconsideration petition as an unauthorized subsequent administrative appeal.

    3.    Defendants Patterson and Campolongo are entitled to absolute immunity with respect to their opposition to Plaintiff's appeal before Pennsylvania's Commonwealth Court.

    4.    The following claims will proceed: (1) Defendants subjected Plaintiff to a retaliatory, excessive incarceration between December 13, 2002 to December 31, 2002; and (2) Defendants Ward, Thomas and Zwierzyna subjected Plaintiff to excessive incarceration through their

miscalculation of his credit for time served.

5. Defendants shall file answers to the remaining claims of the complaint on or before September 12, 2005.


   s/ James F. McClure, Jr.
JAMES F. McCLURE JR.
United States District Judge