UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LEROY SHAW, :
:
     Plaintiff :
:
  v. : CIVIL NO. 4:CV-04-1217
:
ARTHUR R. THOMAS, ET AL., :
: (Judge McClure)
     Defendants :

**MEMORANDUM AND ORDER**

November 3, 2006

**Background**

This pro se civil rights action was initiated by Leroy Shaw, during his prior confinement at the Cambria County Prison, Ebensburg, Pennsylvania.[1] By Memorandum and Order dated August 22, 2005, the Defendants' motion to dismiss the complaint was granted in part. As a result, the following claims remain: (1) Plaintiff was subjected to a retaliatory, excessive incarceration between December 13, 2002 to December 31, 2002; and (2) Defendants Ward,

---

[1] Shaw is no longer in prison and was last known to be residing in Johnstown, Pennsylvania.

Thomas and Zwierzyna subjected Plaintiff to excessive incarceration through their miscalculation of his credit for time served.

On March 24, 2006, the Remaining Defendants filed a motion to dismiss Plaintiff's action for failure to prosecute. See Record document no. 23. The motion seeks dismissal on the grounds that Plaintiff has refused to allow the taking of his deposition. The Remaining Defendants assert that Shaw twice failed to appear for the taking of his deposition.

To date, Plaintiff has failed to respond to the motion to dismiss. Local Rule 7.6 provides that documents opposing any pre-trial motion, including an opposing brief are to be filed within fifteen (15) days after service of the movant's brief. Local Rule 7.6 warns that "[a]ny respondent who fails to comply with this Rule shall be deemed not to oppose such motion."

Failure to prosecute an action may warrant dismissal under Federal Rule of Civil Procedure 41(b), which in pertinent part, provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any Order of Court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the Court in its Order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication on the merits. The granting of an unopposed summary judgment motion is within the discretion of the court.

When a plaintiff fails to prosecute or comply with a court order, the court

may dismiss the action, with prejudice, under Rule 41(b).  See Link v. Wabash Railroad Co. 370 U.S. 626, 629 (1962); Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991)(failure of a pro se plaintiff to comply with a court's specific direction to comply with a local which required the filing of an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis).

Consequently, Shaw will be granted a final opportunity to November 20, 2006, in which to file and serve a response to the pending motion to dismiss. Failure of Plaintiff to timely respond to this Order will result in dismissal of his action for failure to prosecute and comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).  See Link, 370 U.S. at 629. Consequently,

**IT IS HEREBY ORDERED THAT**:

1. Plaintiff shall file and serve a response to the Remaining Defendants' pending motion to dismiss for failure to prosecute on or before November 20, 2006.

2. Failure to comply with this Order shall be deemed a failure to prosecute and comply with a court order, warranting dismissal of this action under Federal Rule of Civil Procedure 41.

   s/ James F. McClure, Jr.  
JAMES F. McCLURE JR.  
United States District Judge