UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LEROY SHAW,                                     :
                                                :
           Plaintiff                            :
                                                :
      v.                                        :    CIVIL NO. 4:CV-04-1217
                                                :
ARTHUR R. THOMAS, ET AL.,                       :
                                                :    (Judge McClure)
           Defendants                           :

## ORDER

November 21, 2006

**Background**

Leroy Shaw filed this pro se civil rights action during his prior confinement

at the Cambria County Prison, Ebensburg, Pennsylvania.[1]  The Remaining

Defendants filed a motion to dismiss Plaintiff's action for failure to prosecute on

March 24, 2006.   The motion (Record document no. 23) seeks dismissal due to

Shaw's alleged refusal to allow the taking of his deposition.

After Plaintiff failed to respond to the Remaining Defendants' motion to

---

[1]  Shaw is no longer in prison and was last known to be residing in Johnstown, Pennsylvania.

dismiss, this Court issued an Order on November 3, 2006, granting Shaw a final

opportunity to November 20, 2006 in which to file and serve a response to the

motion to dismiss.[2]  The Order, citing the standards announced in <u>Link v. Wabash

Railroad Co.</u> 370 U.S. 626, 629 (1962); <u>Poulis v. State Farm Fire and Casualty

Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984); and <u>Stackhouse v. Mazurkiewicz</u>, 951 F.2d

29, 30 (3d Cir. 1991),  forewarned Plaintiff that failure to timely respond would be

deemed a failure to prosecute and result in dismissal of his action with prejudice

under Rule 41(b).

**Discussion**

The relevant time period established by the November 3, 2006 Order has

passed and Shaw has not responded to the motion to dismiss nor sought an

enlargement of time in which to do so.  Furthermore, the Plaintiff has not made

any submissions to this Court since October 11, 2005.

Failure to prosecute an action may warrant dismissal under Federal Rule of

Civil Procedure 41(b), which in pertinent part, provides:

---

[2] M.D. Pa. Local Rule 7.6 provides that documents opposing any pre-trial motion, including an opposing brief, are to be filed within fifteen (15) days after service of the movant's brief.  Local Rule 7.6 warns that "[a]ny respondent who fails to comply with this Rule shall be deemed not to oppose such motion."

For failure of the plaintiff to prosecute or to comply with these rules or any Order of Court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the Court in its Order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication on the merits. The granting of an unopposed summary judgment motion is within the discretion of the court.

In Poulis, the Third Circuit Court of Appeals instructed the district court to consider six (6) factors in considering whether to dismiss a complaint with prejudice where the plaintiff's counsel failed to conduct discovery and file a pre-trial statement within deadlines set by the Court: (1) extent of the party's personal involvement; (2) prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was wilful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense.  See Adams v. Trustees, NJ Brewery Trust Fund, 29 F.3d 863 (3d Cir. 1994).  Based on the Plaintiff's failure to respond to the Court's November 3, 2006 Order and his complete lack of action since October, 2005, an application of the Poulis factors weighs in favor of dismissal.

The Plaintiff's failure to respond to this Court's November 3, 2006 Order is deemed a failure to prosecute and his action will therefore be dismissed, with prejudice.

**IT IS HEREBY ORDERED THAT**:

1.      Plaintiff's failure to respond to the Order of November 3, 2006 is

deemed a failure to prosecute this action.

2.   In accordance with Federal Rule of Civil Procedure 41(b), Plaintiff's action is hereby dismissed, with prejudice.

3.   The Remaining Defendants' motion to dismiss (Record document no. 23) is dismissed as moot.

4.   The Clerk of Court shall close this case.

5.   Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

s/James F. McClure, Jr.
JAMES F. McCLURE JR.
United States District Judge